

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IN RE: James Lee Martin, Respondent Attorney

: Misc. No. 98-113-GMS

: MBD 98-8002 (MA), and others

JAMES MARTIN'S MOTION TO STRIKE
KRAUS ESTATE'S LETTER-MOTION TO EXPEDITE

I, James L. Martin, certify that these statements are true based on my personal knowledge and information, and that they are made under penalties for perjury pursuant to 28 USC Sec. 1746 this 9th day of November 2005:

1. In a letter-Motion to Expedite, counsel for the Estate of Kraus moved for assistance from Judge Sleet for help "in closing the Estate."

2. Because various US Courts of Appeals have questioned my bar membership in their respective Courts, I opened a miscellaneous docket here, pursuant to a court order from one such Court of Appeals, to conduct discovery about facts concerning the "revocation" of my bar membership.

3. The purpose of this proceeding in Delaware Federal District Court is limited to discovery, and to any abuse of Rule 11 governing discovery.

4. This Delaware proceeding is ancillary to those cases in various Courts of Appeals, where the judges have retained both exclusive and original jurisdiction over the cases. Therefore, no court or judge in Delaware has any jurisdiction to rule on this proceeding. Any ruling must be issued from those Courts which have jurisdiction over this case, and there are many.

5. As in any case, the party whose misconduct is at issue may confer with the party who has been injured to settle documented allegations about losses from abuses of Rule 11 discovery standards.

6. Although the letter-Motion at issue must be stricken because it is not directed to a court or a judge with jurisdiction to rule on it, the letter-Motion is substantively incorrect about basic procedural facts.

7. For example, the Estate now argues ". . . any claim Mr. Martin purportedly had against Mr. Kraus is extinguished based on Mr. Martin's delay and the resulting prejudice to the Estate caused by such delay."

8. In fact, Kraus was properly served with the Rule 11 Motion, and despite the passage of time, he did not respond. I served him by both regular and certified mail. See Ex-1a, which shows the Receipt, and a copy of the unopened certified mail envelope marked "Unclaimed," and showing the mailing date to be 2-16-99. The attempted delivery dates were 2-17-99, 2-20-99, and 3-4-99.

9. Kraus, and the Estate of Kraus, are in default. The proceedings that gave rise to this docket for discovery have not reached the stage where further steps against the Estate of Kraus may be taken.

10. I did not file a reply brief to the Estate's 10-12-04 Opposition because no reply brief was warranted. The arguments in the Opposition were completely hollow. Reply briefs are optional even in those cases where a substantive Opposition is filed.

11. The claim against the Kraus Estate, as filed in the Register of Wills, is at Ex-2a and 3a. Kraus entered into the fee agreement with me, disclosed at Ex-3a, then advanced his scheme with an Admissions Clerk to proclaim that my law license had been the result of a clerical error.

12. The three-page complaint form, at Ex-4a to 6a, shows what Kraus gave to an assistant with the Delaware Securities Commission on 4-6-89, when I represented him in his claims to recover forty-three thousand, four hundred dollars ($43,400) from Brock Vinton. Kraus alleged Vinton committed fraud by representing to Kraus that the "investment was secured by the real estate." Ex-5a. I later learned that Vinton paid Kraus sales commissions to market the securities, that Kraus was actually part of the fraud he was accusing Vinton of, and that Kraus was not independently licensed to sell securities in Delaware.

13. The Delaware Board of Law Examiners nonetheless listed Kraus on its list of adverse "character witnesses" to call to testify against me in their effort to enjoin me from sitting for the Delaware Bar Exam.

14. Because of conflicts of interest between the Delaware Law School, where my file was extensively falsified and not corrected, and the judges in Delaware on both the state and federal courts, the outrages Kraus committed were allowed to continue. His Rule 11 violation, documented at length in this proceeding, was the culmination of several years of increasingly brazen lawlessness, and his contempt for basic regulations, including the licensing requirements of the securities business.

15. Earlier this month, I met again with a state senator who had previously entered a resolution on the consent calendar to appoint a temporary state court in view of the lack of a quorum of judges on the Delaware Supreme Court to rule on state issues arising from Kraus' misconduct, and of those he affiliated with. I also met with Governor Minner to resolve the same issue. This issue has not been solved yet.

16. When I refer to having "met with" a person, I mean a face-to-face conference. When Kraus filed an affidavit with the court, and when he referred to having "met with" Admissions Clerk Julie Knox, he conveyed the meaning commonly attributed to having "met with" a person. After other evidence suggested that his admitted, face-to-face meeting was an essential component of his scheme, he then changed his story:

> I have in the past issued two statements that I filed in state and federal court proceedings involving James Martin and indicated in these statements that ". . . I also met with Julie Knox," however, for clarification, we did not meet in person but only met by telephone.

See Kraus affidavit dated 1-21-99, para. 2, and listed at document number 23 under this miscellaneous docket. Clerk Knox admitted to the late Eric Copeland that she met with William Kraus, whose obligations to me should have been paid to me long ago, and that specifically includes obligations for his Rule 11 violations under this docket number.

WHEREFORE, I request that this Motion to Strike be granted.

DATED: November 9, 2005

BY: *James L. Martin*
James L. Martin, 805 W. 21st St.; Wilmington, DE 19802, affiant-respondent
(302) 652-3957

4



Ex-1a

Form No. N.C.4

REGISTER OF WILLS
NEW CASTLE COUNTY
RECEIVED

04 DEC 27 PM 1:03

## STATEMENT OF CLAIM

SOCIAL SECURITY NUMBER

1. Name of decedent: William L. Kraus, III      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

2. Name of claimant: James L. Martin

3. Address of claimant: 805 W. 21st St.; Wilmington, DE 19802-3818

4. Amount of claim: In excess of $100,000.00

5. Basis of claim (attach copy of any written obligation signed by decedent, if available): Fee Agreement, attached, and losses Kraus caused with his interference with other fee agreements.

6. Date obligation became due, or, if not yet due, state date on which obligation becomes due: This obligation became due as soon as funds were recovered based on my work, which was in 1989. I do not know the full extent of the recovered funds because of conflicts of interests that led to the disqualifications of various state and federal judges. See related case.

7. If obligation is contingent or unliquidated, so state and explain: The obligation was contingent. The decedent did receive money from the Omega parties after we entered into this agreement, but he sought to avoid paying anything after interfering with my good standing in the profession.

8. State whether claim is secured or unsecured and, if secured, describe security: Not secured.

9. State whether claim is being filed within time set forth in 12 Del. C. Section 2102: Yes.

Ex-2a    James L. Martin   12-23-04
         Claimant
         (302) 652-3957

# FEE AGREEMENT

This agreement between William L. Kraus, III, and James Martin is for legal representation against the Omega parties. We consent to these terms:

1. If the recovery is made, whether by verdict or by settlement, James Martin shall be permitted to use this agreement to file a Motion before the Court to seek assessment of his fees against the defendants.

2. The amount to be assessed against them is the greater of 25% of the total recovery, or $200/ hour, and the time shall include work before the various securities commissions prior to filing the complaint. If the case requires post-trial motions, excluding a motion for assessment of attorney fees against the defendants, the percentage shall increase from 25% to 33%.

3. If the judge does not award fees at least equal to the amount computed in para. 2, the investor agrees to compensate James Martin for the deficiency. For example, if the judge awards only 20% of the total recovery, the investor agrees to pay his share of the 5% shortfall (i.e., 0.625% of the total amount the investors recovers, assuming no more investors join as plaintiffs). If additional investors join as plaintiffs, each investor's individual share of such shortfall shall be proportionately reduced (i.e., if two more investors join this action, the individual share of the 5% shortfall shall be 0.500%, which is one-half of one percent). However, because the hourly rate is less than the prevailing rate for securities litigation of such specialized nature, and because the 25% rate is less than the standard 33% for contingent fee matters, the likelihood is that no shortfall will result, and therefore no investor will owe James Martin anything not assessed as fees against the defendants.

4. Each investor's pro rata share of the filing fee is $15.00, with an additional $15.00 to defray expenses for procuring statements from the SEC about Omega and the related investments, payable to James Martin when this agreement is signed. If an appeal if filed, each investor may be liable for about $30 more; however, these expenses shall be reimbursed if we prevail.

5. James Martin will take sole responsibility for this case; however, he will be sponsored for pro hac vice admission by Peter Hess, a DE lawyer who has agreed to keep abreast of this, so that in case Martin becomes unable to finish it, as by death, Peter Hess agrees to take Martin's place, and this agreement will then be between the investor and Hess.

6. If we lose, neither party owes anything to the other.

_____  _____    _James L. Martin_   5-24-89
William L. Kraus, III         date       James L. Martin    date

Ex-3a

COMPLAINT FORM

We appreciate your interest and will proceed with a preliminary investigation as soon as this form is returned, along with any documentary evidence that you may have. <u>Please remember to attach a copy of any written materials (i.e. checks, contracts, advertisements, letters, etc.) that may relate to your complaint.</u>

I. PERSONAL INFORMATION

KRAUS / William / L. III / 4-6-89
LAST NAME / FIRST / MIDDLE / CURRENT DATE

187 Starr Rd / Newark / DE / 19711 / 292-0800
HOME ADDRESS / CITY / STATE / ZIP / PHONE NO.

PO Box 66 / Newark / DE / 19711 / 652-0800
BUSINESS ADDRESS / CITY / STATE / ZIP / PHONE NO.

Financial Consultant / 1/19/47 / 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 / Married
TRADE/OCCUPATION / DOB / SSN / MARITAL STATUS

II. BASIS OF COMPLAINT

1. With what company, corporation or association did you invest?

Omega Medical Center                                    (302) 368-5100
NAME                                                    PHONE NO.

15 Omega Dr.; Bldg. K / Newark / DE / 19713
ADDRESS / CITY / STATE / ZIP

2. List person(s) involved in this transaction:

Vinton / Brock / / Managing GP / (302) 323-9700
LAST NAME / FIRST / MIDDLE / POSITION / PHONE NO.

62 Reeds Way / N. Castle / DE / 19720
ADDRESS / CITY / STATE / ZIP

Ruggio / Bob / / assistant for Vinton / (302) 323-9700
LAST NAME / FIRST / MIDDLE / POSITION / PHONE NO.

62 Reeds Way / N. Castle / DE / 19720
ADDRESS / CITY / STATE / ZIP

Ex-4a

3.  How did you learn of the investment? (check more than one if neccessary)

    _X_ PERSONAL VISIT   ____ TELEPHONE CALL   ____ SALES LETTER

    ____ RADIO           ____ ADVERTISEMENT   ____ NEWSPAPER

    ____ TELEVISION      ____ PHONE BOOK      ____ PRESENTATION

    ____ OTHER (Please explain) _____

4.  In what did you purchase or invest (e.g. common stock, debenture, mutual fund limited partnership interest, T-Bond, investment contract, fractional interest in an oil and gas lease)?

    Ltd. Ptr.

5.  How many units did you purchase?

    1 (one) share

6.  What was the total amount of your investment or loan? $ 43,400
    Please state whether payment was made with cash, check or charge and enclose a copy of your receipt.)
    12-15-84  $31,600     3-15-85  $3950
    12-12-84  $3,950      8-1-86   $1950

7.  On what date(s) was it purchased?   ~~_____~~   11-1-86  $1950

8.  Did you sign any contract or receive any document to evidence your investment? If so, please enclose a copy.  YES _X_   NO ____

9.  List any oral representations made to you by the agent/salesperson.

    Investment was secured By the Real Estate.

10. Did you receive an offering circular or prospectus? If so, please enclose a copy. Yes _✓_   No ____

11. Was any other person(s) present when you were solicited? If so, please list.   YES ____   NO _✓_

NAME _____ ADDRESS _____ PHONE NO. _____

NAME _____ ADDRESS _____ PHONE NO. _____

Ex-5a

2.  Do you know of any other person(s) who invested with the company, corporation, or association? If so, please list. YES ✓ NO ___

__Eric Copeland__ __Suite 200 Powder Mill Sq. Greenville, DE 19807__ __h 302-658-567_
NAME                  ADDRESS                                              w 302-652-202_
                                                                        PHONE NO.

__Kathy Frankel__ _____  _____
NAME              ADDRESS                                 PHONE NO.

13. Have you notified or filed a complaint with any of the following?

____✓____   PRIVATE ATTORNEY

_____   CONSUMER AFFAIRS DIVISION

_____   BETTER BUSINESS BUREAU

_____   LOCAL POLICE DEPARTMENT

_____   U.S. SECURITIES AND EXCHANGE COMMISSION

_____   LOCAL NEWSPAPER

_____   U.S. ATTORNEY'S OFFICE

_____   FEDERAL BUREAU OF INVESTIGATION

I hereby certify that the above information is true and correct to the best of my knowledge.

_____[signature]_____    ____4/6/89____
SIGNATURE                                   DATE

Ex-6a

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IN RE: James Lee Martin, Respondent Attorney

: Misc. No. 98-113-GMS

: MBD 98-8002 (MA), and others

CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the JAMES MARTIN'S MOTION TO STRIKE KRAUS ESTATE'S LETTER-MOTION TO EXPEDITE

addressed to counsel for the Kraus Estate, as follows:

James Geddes, Esq.
ASHBY & GEDDES
222 Delaware Ave.
P. O. Box 1150
Wilmington, DE  19899

by first-class, postage-prepaid mail this 9th day of November 2005.

By: *James L. Martin*

James L. Martin, Esq., 805 W. 21st St.; Wilmington, DE 19802 (302) 652-3957