UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IN RE: James Lee Martin, Respondent Attorney

: DE case No. MC-98-113(GMS)

: MBD 98-8002 (MA), and others

## JAMES L. MARTIN'S MOTION FOR REARGUMENT OF MOTION TO DISMISS, MOTIONS TO RECUSE, MOTION FOR CONTEMPT, MOTION TO SUBSTITUTE, MOTION FOR SANCTIONS, AND MOTION TO STRIKE

I, James L. Martin, upon receipt of an order dated 5-15-06 from the District of Delaware, move for reargument of the motions to dismiss, motions to recuse, motion for contempt, motion to substitute, motion for sanctions, and motion to strike, and certify that the following statements are true based on my personal knowledge and information, and that they are made under penalties for perjury pursuant to 28 USC Sec. 1746 this 30th day of May 2006:

THE US DISTRICT COURT HAS NO JURISDICTION

1. The Delaware judiciary should cease to interfere with the exercise of other courts' exclusive, original jurisdiction over the administration of those who appear before them as attorneys. In re Ruffalo, 390 US 544, 547; Theard v. United States, 354 US 278, 282 (1957).

2. As noted in my Motion to Dismiss, various Circuit Courts of Appeals are exercising their **exclusive** (sole) and original (fact-finding) jurisdiction

over the issue about whether a "mistake" ever occurred when I was admitted to practice law.

3. In anticipation of interference from the Delaware judiciary as to any discovery, I specifically moved the Circuit Courts for issuance of subpoenas upon the witnesses at issue, but those Courts, to the extent any express ruling was issued on the point, referred me to existing authority providing for subpoenas to be issued from Clerk for the District Court where the witnesses live.

## PROBLEMS WITH DISCOVERY

4. The witnesses did not cooperate. Three filed Motions to Quash, granted by a trial judge with blatant conflicts of interest and with no jurisdiction to hear the motions. Kraus, after having agreed to the terms of a written affidavit on the day his deposition was scheduled, in view of the failure of the US Attorney assigned to the case to show up, did materially and substantially change his affidavit prior to signing it. The 5-15-06 order mischaracterizes the basis for the Motion for Contempt as though it were based on Kraus' failure to timely issue an affidavit. In fact, the Motion is based on Kraus' materially changing the terms of the affidavit, and on his long-standing pattern of intentional misrepresentation under oath. This course of misconduct was consistent with the State of Delaware's issuance of a Wells Notice against Kraus for alleged securities fraud, prior to his death.

## CONFLICTS OF INTEREST INVOLVING DELAWARE JUDGES

2

5. Because Judge Jordan had entered an appearance on behalf of the federal admission clerk Kraus boasted about having induced to misrepresent my standing as an attorney, I sought his recusal. See Motion to Recuse filed here on 11-2-04.

6. Judge Farnan, a former employee of the local law school, denied having any nexus with the law school and proceeded to purport to preside for about six (6) years over the attempt to carry out the terms of a final, administrative judgment entered against the law school. After six years, I learned about his prior employment at the law school, and moved to recuse him, as much for his dishonesty as for his nexus with the school. Kraus and the law school were defendants in the same action, and their misconduct overlapped.

7. Judge Robinson was an attorney with Potter, Anderson and Corroon, the law school's law firm, when the cause of action arose. Even if Judge Robinson had jurisdiction over the issues presented, and she does not, she has a disqualifying conflict of interest.

8. Any judge associated with the US Attorney's Office, at any time during the years these issues have been before the courts, should have no involvement in this matter. In my "ANSWER AND OPPOSITION TO THE MOTION OF THE UNITED STATES ATTORNEY TO SCHEDULE A STATUS CONFERENCE, with stipulated MOTION FOR CONTINUANCE," filed in the First Circuit, I wrote, in para. 11:

"11. On 10-29-98, when I described my concerns to Ms. Poswistilo, she said I should mention in my response that she was be agreeable to handling

3

the status conference by phone, and to postpone the hearing on the merits until the issues she raised have been resolved anew."

The specific terms of our phone conversation on 10-29-98, relating to continuing the hearing scheduled for the 9th, were:

Martin: "The logical thing would be to postpone the hearing scheduled for the 9th [of November], at which, I think she believes, we are going to have evidence from witnesses for her to review at that time. And we are not even close to agreeing on whether or not witnesses should be deposed, and whether or not the US Attorney's Office should have any involvement in this. So it seems like the preliminary issues that have been raised here have to be resolved before there can be any hearing."
Poswistilo: "I think you're right there."

9. In the opening paragraph of the "Findings Submitted by the United States Attorney," Poswistilo alleges: "On November 9, 1998, a hearing on the Court's Order to Show Cause was held; Mr. Martin did not appear." Conspicuously absent from the "Introduction," or from any other part of the so-called "Findings," is the stipulation, reached on 10-29-98, that "the preliminary issues that have been raised here have to be resolved before there can be any hearing."

10. The issue about the deposition of witnesses had already been reached in the 10-6-98 Order, from a Magistrate assigned by the First Circuit: "Martin should therefore apply for deposition subpoenas from the district court wherein the witnesses are located." P. 5 The authorities to mandate this process are omitted.

11. Currently, US Attorney Claudia Burke has been assigned to one of the interrelated cases that gave rise to seeking discovery through the Clerk's Office in Delaware.

4

12. In view of Judge Sleet's former service as the US Attorney for the District of Delaware, he is ineligible to preside, even if the Delaware Federal District Court had jurisdiction over the case.

STATUS OF CASES THAT THE DISCOVERY PROCESS WAS TO SUPPORT

13. Chief Justice Roberts granted a Motion for Extension on May 1, 2006, to extend the time for filing a certiorari petition in one of the interrelated cases until July 13, 2006. Even if the petition were denied, other pending cases raise the same issues.

14. The docket in Delaware does not disclose the extensive proceedings in Circuit Courts throughout the country between 1-19-99 and 9-27-04. The Motions at issue should be reserved for courts that are exercising exclusive and original jurisdiction.

15. Possible remedies for interference with discovery may include a petition for writ of quo warrento, mandamus, prohibition, and such other proceedings, like the certiorari petition mentioned, to allow the appropriate courts to fairly consider and to rule on the issues presented here.

WHEREFORE, I respectfully request that this Motion for Reargument be granted, to grant the Motions to Recuse, Motion to Dismiss, and Motion to Strike, for the reasons cited in the Motions, specifically including lack of jurisdiction; and further,

to vacate the order pertaining to the Motion for Contempt, Motion to Substitute, and Motion for Sanctions, so that this matter is referred to the

appropriate courts, which would exercise the original and exclusive jurisdiction over the issues presented, as to each court.

DATED: May 30, 2006

BY: *James L. Martin*
James L. Martin, attorney; 805 W. 21st St..; Wilmington, DE 19802-3818
affiant-respondent  (302) 652-3957

6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IN RE: James Lee Martin, Respondent Attorney

: Misc. No. 98-113-GMS

: MBD 98-8002 (MA), and others

### CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the JAMES L. MARTIN'S MOTION FOR REARGUMENT OF MOTION TO DISMISS, MOTIONS TO RECUSE, MOTION FOR CONTEMPT, MOTION TO SUBSTITUTE, MOTION FOR SANCTIONS, AND MOTION TO STRIKE addressed to counsel for the Kraus Estate, as follows:

James Geddes, Esq.
ASHBY & GEDDES
222 Delaware Ave.
P. O. Box 1150
Wilmington, DE  19899

by first-class, postage-prepaid mail this 30th day of May 2006.

By: *James L. Martin*

James L. Martin, Esq., 805 W. 21st St.; Wilmington, DE 19802 (302) 652-3957